*Decisions by the Presiding Justice on Applications to Appeal from the Appellate Term.*

JOHN BOSSERT and Another, etc., Respondents, v. OSCAR LOWINSON, Appellant.— Application denied, with ten dollars costs.

CHARLES H. MAURO, Appellant, v. HOWARD COOPER, Respondent.— Application granted.

LOUIS NEUER, Respondent, v. LOUIS JAFFE, Appellant.— Application granted.

UNITED STATES TITLE GUARANTY COMPANY, Appellant, v. MARK ANTHONY, Respondent.— Application denied, with ten dollars costs.

---

FOURTH DEPARTMENT, DECEMBER, 1916.

G. ELIAS & BRO., INCORPORATED, Respondent, *v.* CYRUS H. BROWNELL and Others, Appellants.

*Contract — breach — sale of lumber — evidence.*

Appeal by the defendants from a judgment of the Supreme Court, entered in the Erie county clerk's office on the 11th day of April, 1916, in favor of the plaintiff and against the defendants for $3,379.46 damages and costs, upon the verdict of a jury rendered by direction of the court; also from an order denying defendants' motion for a new trial, entered in said clerk's office on the same day.

PER CURIAM: The directed verdict seems to rest upon the proposition that the plaintiff's letter of December 12, 1914, with the so-called order inclosed therein and the defendants' letter of December 19, 1914, in reply thereto, constitute a complete contract. We are of the opinion that those letters, in connection with the previous negotiations and correspondence between the parties and their acts and conduct subsequent thereto, should be considered upon the question as to whether the minds of the parties ever met upon all the essentials necessary to make a contract. While the price is definitely named in the correspondence, the quantity of some of the lumber is but approximately stated, and from the evidence given on behalf of the defendants a finding is permissible that there was not an absolute agreement by defendants to sell and by the plaintiff to purchase the lumber, but that the agreement depended upon: 1. Whether the defendants would be satisfied with the run of the lumber as the plaintiff directed it to be manufactured and with the plaintiff's inspection and grading thereof. 2. Whether the defendants by selling the one-inch maple lumber breached the contract depends upon an affirmative finding that the defendants had sold or agreed to sell the same to the plaintiff, and that, we think, cannot be held as a matter of law upon the evidence. 3. The amount of the damages was likewise a question of fact. The judgment and order should be reversed and a new trial granted, with costs to the appellants to abide the event. All concurred. Judgment and order reversed and new trial granted, with costs to appellants to abide event.